ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
AUG - 8 2016
CLERK, U.S. DISTRICT COURT
By_____
    Deputy

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | No. 4:16-MJ-_510_ |
| ASHLEY ELIZABETH SIMPSON (01)<br>LESLIE ELAINE HOLLIDAY        (02)<br>a/k/a LESLIE ELAINE WIGGINS | |

## CRIMINAL COMPLAINT

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief:

**Alleged Offense:**

Beginning in or before January 1, 2015, and continuing until on or about August 8, 2016, in the Fort Worth Division of the Northern District of Texas, and elsewhere, defendants **Ashley Elizabeth Simpson, Leslie Elaine Holliday,** along with others known and unknown, did knowingly and intentionally combine, conspire, confederate, and agree to engage in conduct in violation of 21 U.S.C. § 841(a)(1), namely to possess with intent to distribute a mixture and substance containing a detectable amount of methamphetamine, a schedule II controlled substance, in violation of 21 U.S.C. § 846.

I, Special Agent B. Finney, affiant, under oath, duly state that I am a Special Agent with the Drug Enforcement Administration (DEA), assigned to the Fort Worth District Office in the Dallas Field Division. The statements set forth in this affidavit are true and correct to the best of my knowledge and belief, but are not inclusive of all the evidence or information in the case.:

1. In 2014, Agents and Officers with the DEA Fort Worth District Office, the Department of Homeland Security (DHS), the Bureau of Alcohol Tobacco Firearms and Explosives (ATF), and the Texas Department of Public Safety (DPS)

began investigating the methamphetamine-trafficking activities of Michael Clay Heaslet (Heaslet) and others.

2. During a series of recorded phone calls between Heaslet, who was incarcerated at the Parker County Jail at the time of the phone calls, and Brittany Renee Tylka (Tylka), Heaslet's alleged common-law wife, Heaslet and Tylka discuss their methamphetamine-trafficking organization. During a call on January 31, 2016, at approximately 11:50 a.m., Tylka informs Heaslet that **Ashley Simpson** had paid Tylka one thousand dollars and that Trae Short had paid Tylka five hundred dollars, both of which was described as a drug debt owed to Heaslet.

3. On March 16, 2016, during a proffer interview, a cooperating defendant (CD1), identified Trae Short and **Ashley Simpson** as methamphetamine supply sources. CD1 said on one occasion, CD1 tried to buy a half kilogram of methamphetamine from **Ashley Simpson**, but **Ashely Simpson** refused to "front" CD1 the methamphetamine.

4. On May 12, 2016, during a proffer interview, a cooperating defendant (CD2), stated that on at least six occasions, CD2 observed Heaslet and **Ashley Simpson** receive kilogram quantities of methamphetamine from one of Heaslet's methamphetamine supply sources.

5. On March 8, 2016, during a proffer interview, a cooperating defendant (CD3), identified Heaslet as one of CD3's and CD2's methamphetamine supply sources. CD3 then stated that on approximately one occasion, CD3 observed Heaslet purchase a kilogram of methamphetamine from **Ashley Simpson** and Trae Short.

6. On January 27, 2016, during a proffer interview, a cooperating defendant (CD4) informed Agents/Officers that around September of 2015, CD4 purchased a half (½) kilogram of methamphetamine from Trae Short and that Short's girlfriend was present for the transaction. During a recorded phone call on June 28, 2016, between Trae Short, who was incarcerated at the Parker County jail at the time of the phone call, and **Leslie Holliday**, Short reads **Leslie Holliday** a portion of a Homeland Security report by CD4. Reading from the report, Short says CD4's most recent drug transaction involved one-half kilogram of methamphetamine CD4 purchased from Short and that "Short's girlfriend" was also present for the transaction. **Leslie Holliday** responds, "Me?" And Short replies, "Don't say

that." Later during that same conversation, **Leslie Holliday** says, "He said it just like that, Short and his girlfriend?" And Short responds, "yep!"

7. On May 17, 2016, **Leslie Holliday** was arrested by the Grand Prairie Police Department in possession of about 8.4 grams of methamphetamine.

8. During a recorded phone call on June 19, 2016, between Trae Short, who was incarcerated at the Parker County Jail at the time of the phone call, and **Leslie Holliday**, identified as Leslie Wiggins during the call by the caller identification system, Short and **Leslie Holliday** discuss how other people they mutual know are involved in the drug business. During the call, **Leslie Holliday** tells Short how an unknown male "straight up fucked me [**Holliday**] out of three (3) ounces [referring to methamphetamine]." Short then tells **Leslie Holliday**, "No, I got most of that back for you." **Leslie Holliday** responds, "Well, per se." Later during that conversation, Short tells **Leslie Holliday** that "the other day," Short and that same unknown male each had a pistol and Short told that unknown male that they [Short and the unknown male] should put the pistols down and fight.

Based upon the above facts and circumstances, I believe there is probable cause to believe that **Ashley Simpson and Leslie Holliday** along with others known and unknown, did knowingly and intentionally conspire to traffic in methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846.

_____
B. Finney
Special Agent
Drug Enforcement Administration

SWORN AND SUBSCRIBED before me, at 1:55 am/pm, this 8th day of August, 2016, in Fort Worth, Texas.

_____
JEFFREY L. CURETON
United States Magistrate Judge

Criminal Complaint - Page 3 of 3